# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BUTLER, et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>LOS ANGELES COUNTY, et al.,<br><br>          Defendants. | Case No. CV 07-7304-MMM (JEM)<br><br>**PROTECTIVE ORDER** |

1.     The parties presently have a dispute over the production of documents responsive to Plaintiff Perry C. Butler's request for production.  Butler has filed a Motion to Compel and, *inter alia*, responsive documents have been lodged with the Court and reviewed *in camera*.  All documents ordered produced by the Court in this lawsuit ("Protected Documents"), whether or not lodged with the Court, shall be subject to paragraphs 2 through 11 of this Protective Order.[1]

---

[1]  Butler has objected to the entry of a protective order in this case.  (Docket 114.) Butler has not articulated the basis for his objections or explained why a protective order would be inappropriate in this case.  Accordingly, Butler's objections to the entry of a protective order are overruled.

## TERMS OF THE PROTECTIVE ORDER

2.    Plaintiffs shall maintain sole custody and control over all Protected Documents, except as provided in this Protective Order.

3.    The Protected Documents are deemed confidential and, once ordered produced by the Court, shall be marked by defense counsel: "PROTECTED DOCUMENTS – CONFIDENTIAL & SUBJECT TO PROTECTIVE ORDER."  The Protected Documents then shall be produced in accordance with the Court's orders.

4.    The Protected Documents shall be used solely in connection with this lawsuit or any related appellate proceedings and not for any other purpose, including any other litigation.  The term "lawsuit," when used in this Protective Order, means *Perry C. Butler, et al. v. Los Angeles County, et al.*, Central District of California Case No. CV 07-7304.

5.    Plaintiffs alone will have possession, custody and control of the Protected Documents, and are prohibited from releasing or disseminating them, or the information contained within them, to any persons except employees of any Federal Court having jurisdiction over this lawsuit.

6.    Plaintiffs may make copies of the Protected Documents, but Plaintiffs are prohibited from releasing or disseminating such copies, or the information contained within them, to any persons except employees of any Federal Court having jurisdiction over this lawsuit.

7.    The Protected Documents may be submitted in all law and motion proceedings up to the commencement of trial if done so pursuant to Local Rule 79-5.1, which states:

> Except when authorized by statute[,] federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal without prior approval by the Court.  Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and

judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.  Conformed copies need not be placed in sealed envelopes.  Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing.  Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79.5.  A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

The parties agree to seek guidance from the Court at the time of trial regarding the procedure for lodging or filing the Protected Documents under seal should plaintiffs seek to submit or use them as exhibits.

8.     All disputes regarding this Protective Order shall be handled pursuant to Local Rule 37.  The parties will continue to treat the Protected Documents as confidential and subject to this Protective Order until the Court rules upon any such disputes.

9.     This Protective Order is not intended to prevent officials or employees of the County, or its counsel, from having access to the Protected Documents if they would have had access in the normal course of their employment.

10.     This Protective Order is made without any waiver by Defendants of the privileges and rights afforded to them, including, but not limited to, the right to object at the time of trial and to file pre-trial motions regarding the admissibility of the Protected Documents or the information contained therein.

11.     At the conclusion of this litigation, including any related appellate proceedings, Plaintiffs shall return to defense counsel all of the Protected Documents and all copies thereof.

1        12.     This Protective Order shall be in effect until further Order of the Court, and the

2    Court shall retain jurisdiction to modify its terms.

3        **IT IS SO ORDERED.**

4

5    DATED: <u>May 24, 2010</u>                      <u>        /s/ John E. McDermott        </u>

6                                            JOHN E. MCDERMOTT
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28